ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL 16 2009

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JORGE MOLINA, HERNAN
ALFONSO RENGIFO NINO, ANDRES
GARCIA, GERMAN CALIXTO,
RICARDO ORDONEZ, and
JAVIER VINASCO,

    Plaintiffs,

    v.

HI-TECH PHARMACEUTICALS,
INC.; HI-TECH PUBLISHING, INC.;
AFFILIATED DISTRIBUTION,
INC.; and JARED WHEAT,

    Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION
FILE NO. _____

**1:09-CV-1914**

JURY TRIAL DEMANDED



## COMPLAINT
## FLSA COLLECTIVE ACTION AND CIVIL RIGHTS

Plaintiffs Jorge Molina ("Molina"), Hernan Alfonso Rengifo Nino ("Rengifo Nino"), Andres Garcia ("Garcia"), German Calixto ("Calixto"), Ricardo Ordonez ("Ordonez"), and Javier Vinasco ("Vinasco) (collectively, "Plaintiffs"), submit the following claims for relief.

## INTRODUCTION

Plaintiffs bring claims for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, on behalf of themselves and on behalf of all similarly situated persons.  Plaintiffs also bring claims of racial discrimination and retaliation in violation of 42 U.S.C. § 1981, and claims for violation of the Employee Polygraph Protection Act ("EPPA"), 29 U.S.C. § 2001, *et seq.*  Plaintiffs seek injunctive relief, economic damages, compensatory damages, punitive damages and attorney's fees and expenses against all Defendants.[1]

## JURISDICTION AND VENUE

1.

Plaintiffs' claims under the FLSA, 42 U.S.C. § 1981, and EPPA present federal questions over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331; 29 U.S.C. § 201, *et seq*; and 29 U.S.C. § 2005(c)(2).

2.

---

[1] Each Plaintiff has filed a charge of race, color, and national origin discrimination with the Atlanta District Office of the Equal Employment Opportunity Commission ("EEOC").  Plaintiffs have also filed amended EEOC charges setting out their retaliation claims.  Once Plaintiffs receive Notices of their Right to Sue from the EEOC, Plaintiffs will seek to amend this Complaint to add Title VII claims.

Venue is proper under 28 U.S.C. § 1391(b), because the unlawful employment practices alleged below were committed in the Northern District of Georgia.

## PARTIES

3.

All Plaintiffs were residents of the Northern District of Georgia and employees of Defendants at all times material to this Complaint. All Plaintiffs subject themselves to this Court's jurisdiction.

4.

All Plaintiffs consent to join this FLSA collective action. Forms indicating each Plaintiff's consent to opt in to this collective action are attached as Exhibits A through F.

5.

Plaintiffs assert their FLSA claims on behalf of themselves and on behalf of all similarly situated current and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

6.

Defendant Hi-Tech Pharmaceuticals, Inc. ("Hi-Tech Pharmaceuticals") is a for-profit corporation incorporated in Georgia and licensed to do business in

3

Georgia. This Defendant's principal offices are located in the Northern District of

Georgia at 6015-B Unity Drive, Norcross, Georgia 30071, and Hi-Tech

Pharmaceuticals may be served with process at that address via service upon a

person upon whom service may be perfected pursuant to Fed. R. Civ. P. 4(h) or

O.C.G.A. § 9-11-4(e). Alternatively, Defendant Hi-Tech may be served with

process via personal service upon its registered agent, Defendant Wheat, as set

forth below.

7.

Defendant Hi-Tech Publishing, Inc. ("Hi-Tech Publishing") is a for-profit

corporation incorporated in Georgia and licensed to do business in Georgia. This

Defendant's principal offices are located in the Northern District of Georgia at

6015-B Unity Drive, Norcross, Georgia 30071, and Defendant Hi-Tech Publishing

may be served with process at that address via service upon a person upon whom

service may be perfected pursuant to Fed. R. Civ. P. 4(h) or O.C.G.A. § 9-11-4(e).

Alternatively, Defendant Hi-Tech Publishing may be served with process via

personal service upon its registered agent, Defendant Wheat, as set forth below.

8.

Defendant Jared Wheat ("Wheat") is Defendant Hi-Tech Pharmaceuticals'

registered agent for service of process, Chief Executive Officer, Chief Financial

4

Officer, and Secretary.  Defendant Wheat is also Defendant Hi-Tech Publishing's registered agent for service of process, Chief Executive Officer, Chief Financial Officer, and Secretary.  Defendant Wheat is incarcerated at Montgomery Federal Prison Camp, Maxwell Air Force Base, Montgomery, Alabama 36112.  He may be personally served with process at that location.

9.

Defendant Affiliated Distribution, Inc. ("ADI") is a for-profit corporation incorporated in Georgia and licensed to do business in Georgia.  Defendant ADI's principal offices are located in the Northern District of Georgia at 4030 Oak Forest Circle, Marietta, Georgia 30062.  Defendant ADI may be served with process via its registered agent, Chief Executive Officer, Chief Financial Officer, and corporate secretary, Brandon Schopp, at ADI's principal offices.

## JOINT EMPLOYER ALLEGATIONS

10.

Defendant Wheat is the registered agent, CEO, CFO, and corporate secretary of Defendants Hi-Tech Pharmaceuticals and Hi-Tech Publishing (collectively, "the Hi-Tech Defendants").

11.

Defendant Wheat is the founder and principal owner of both Hi-Tech Defendants.

12.

The Hi-Tech Defendants share their principal office space with each other.

13.

Upon information and belief, there is such identity of interests, assets, control, capital, employees, and resources between and among Defendants Wheat, Hi-Tech Pharmaceuticals, and Hi-Tech Publishing that these Defendants have no meaningful corporate separation or independence from one another, and the Hi-Tech Defendants are merely Defendant Wheat's alter egos through which he conducts his personal business.

14.

Defendant ADI was founded and is principally owned by Brandon Schopp. Mr. Schopp is ADI's registered agent, CEO, CFO, and corporate secretary.

15.

Mr. Schopp was also, at all times material to this Complaint, employed by Defendant Wheat and one or both of the Hi-Tech Defendants.

6

16.

Defendant ADI issued Plaintiffs' paychecks following Plaintiffs' summary terminations in May, 2009, as pled below.

17.

At all times material to this Complaint, all Defendants maintained sufficient control over the terms and conditions of Plaintiffs' employment to make all Defendants the Plaintiffs' employers within the meaning of 29 U.S.C. § 203(d).

18.

All Defendants are jointly and severally liable to each Plaintiff on all Counts of this Complaint, because all Defendants were Plaintiffs' employers as that term is used in interpreting the FLSA, EPPA, Title VII of the Civil Rights Act of 1964, as amended, and other, similar Federal statutes establishing employees' rights as against their employers.

## FLSA COLLECTIVE ACTION ALLEGATIONS

19.

Throughout their employment with Defendants, Plaintiffs and similarly situated employees routinely worked in excess of forty hours per week, often working more than sixty hours per week.

7

20.

Throughout their employment with Defendants, Plaintiffs and similarly situated employees were paid by the hour.

21.

Defendants did not pay Plaintiffs or similarly situated employees overtime compensation for hours they worked beyond forty per week.

22.

Instead, Defendants paid Plaintiffs and similarly situated employees straight time for all of the hours they worked.

23.

Defendants willfully failed to pay Plaintiffs and similarly situated employees overtime compensation, in violation of 29 U.S.C. § 201, *et seq.*

24.

Defendants' repeated failures to pay Plaintiffs and similarly situated employees overtime compensation constitute willful violations of the FLSA.

## **DISCRIMINATION, RETALIATION, AND EPPA ALLEGATIONS**

25.

Plaintiff Molina began his employment with Defendants in 2006.  He is a Hispanic male and a native of the Republic of Honduras.

8

26.

Plaintiff Rengifo Nino began his employment with Defendants in 2008. He is a Hispanic male and a native of the Republic of Colombia.

27.

Plaintiff Garcia began his employment with Defendants in 2008. He is a Hispanic male and a native of the Republic of Colombia.

28.

Plaintiff Calixto began his employment with Defendants in 2006. He is a Hispanic male and a native of the Republic of Colombia.

29.

Plaintiff Ordonez began his employment with Defendants in 2006. He is a Hispanic male and a native of the Republic of Colombia.

30.

Plaintiff Vinasco began his employment with Defendants in 2008. He is a Hispanic male and a native of the Republic of Colombia.

31.

On May 18, 2009, Defendants summarily terminated approximately sixteen Hispanic employees employed at Defendant Hi-Tech's Norcross, Georgia manufacturing facility, including all of the Plaintiffs.

9

32.

On the day of the summary terminations, Defendant Hi-Tech's

Manufacturing Manager told the Hispanic employees that they were being

terminated because, on May 14, 2009, Defendant Wheat's home was robbed by an

unknown Hispanic male.

33.

The Manufacturing Manager told the employees that, because of this alleged

robbery, Defendant Wheat's wife no longer wanted any Hispanic men working for

Defendants.

34.

Defendants expressly terminated all Plaintiffs on the basis of their race.

35.

On June 11, 2009, all Plaintiffs (except Plaintiff Molina) filed Charges of

race, color, and national origin discrimination at the EEOC's Atlanta District

Office.[2]

36.

On June 15, 2009, Defendants rehired all Plaintiffs.  However, as a condition

of employment, Defendants required each Plaintiff to submit to a polygraph

---

[2] Plaintiff Molina, along with all other Plaintiffs, had retained counsel before June
11, 2009 in connection with the claims asserted herein.

examination during which all Plaintiffs were asked, *inter alia*, questions about the alleged robbery at the Wheat residence.

37.

On June 18, 2009, Plaintiffs' counsel sent Defendants Wheat and Hi-Tech Pharmaceuticals a letter expressly stating that Plaintiffs had claims against Defendants under the FLSA; 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964, as amended; and the EPPA. The letter specifically identified each Plaintiff and informed Defendants that Plaintiffs were represented in connection with these claims. The June 11, 2009 EEOC Charges were enclosed with the letter.

38.

The letter was delivered to Defendants Wheat and Hi-Tech on the morning of June 19, 2009.

39.

The next day, June 20, 2009, Defendants summarily terminated all Plaintiffs.

40.

Defendants expressly told each Plaintiff that he was being terminated because he had asserted his claims against Defendants.

11

## COUNT I
## <u>Unpaid Overtime: FLSA</u>

41.

Plaintiffs incorporate by reference all preceding paragraphs of the Complaint.

42.

Defendants' repeated failures to pay overtime to Plaintiffs and similarly situated employees constitute willful violations of the FLSA.

43.

As a direct and proximate result of Defendants' conduct, Plaintiffs and similarly situated employees have been damaged and are entitled to the relief set forth in the Prayer for Relief below.

## COUNT II
## <u>Retaliation: FLSA</u>

44.

Plaintiffs incorporate by reference all preceding paragraphs of the Complaint.

45.

Defendants have willfully and deliberately discriminated and retaliated against Plaintiffs for asserting their FLSA overtime claims, in violation of Plaintiffs' rights under 29 U.S.C. § 215(a).

46.

As a direct and proximate result of Defendants' willful retaliatory conduct, Plaintiffs have been damaged and are entitled to the relief set forth in the Prayer for Relief below.

## COUNT III
## Race Discrimination: 42 U.S.C. § 1981

47.

Plaintiffs incorporate by reference all preceding paragraphs of the Complaint.

48.

At all times material to this Complaint, Plaintiffs and Defendants were parties to contracts under which each Plaintiff agreed to work for Defendants and Defendants agreed to compensate each Plaintiff for his work.

49.

Plaintiffs performed their contractual obligations.

13

50.

Defendants discriminated against Plaintiffs with regard to their contractual

rights by summarily terminating them on the basis of their race, in violation of 42

U.S.C. § 1981.

51.

As a direct and proximate result of Defendants' discrimination, Plaintiffs

have suffered damages including, but not limited to, lost wages and emotional pain

and suffering.

52.

Defendants' actions in violation of 42 U.S.C. § 1981 were intentional,

willful, wanton, and oppressive.  Additionally and in the alternative, Defendants'

actions in violation of 42 U.S.C. § 1981 were undertaken with reckless disregard

for the Plaintiffs' federal rights.

53.

Plaintiffs are entitled to punitive damages.

## COUNT IV
## Retaliation: 42 U.S.C. § 1981

54.

Plaintiffs incorporate by reference all preceding paragraphs of the

Complaint.

14

55.

At all times material to this Complaint, Plaintiffs and Defendants were parties to contracts under which each Plaintiff agreed to work for Defendants and Defendants agreed to compensate each Plaintiff for his work.

56.

Plaintiffs performed their contractual obligations.

57.

Defendants discriminated against Plaintiffs with regard to their contractual rights, in violation of 42 U.S.C. § 1981.

58.

Defendants retaliated against Plaintiffs for opposing Defendants' racial discrimination, in violation of 42 U.S.C. § 1981.

59.

Defendants' actions in violation of 42 U.S.C. § 1981 were intentional, willful, wanton, and oppressive.  Additionally and in the alternative, Defendants' actions in violation of 42 U.S.C. § 1981 were undertaken with reckless disregard for the Plaintiffs' federal rights.

60.

Plaintiffs are entitled to punitive damages.

15

## COUNT V
## EPPA

61.

Plaintiffs incorporate by reference all preceding paragraphs of the Complaint.

62.

Defendants required, requested, suggested, or caused Plaintiffs to take or submit to lie detector tests in violation of 29 U.S.C. § 2002(1).

63.

Defendants used, accepted, referred to, or inquired concerning the results of lie detector tests administered to Plaintiffs in violation of 29 U.S.C. § 2002(2).

64.

Defendants made Plaintiffs submit to lie detector tests as a condition of Plaintiffs' employment, in violation of 29 U.S.C. § 2002(3).

65.

Defendants are liable to Plaintiffs for their violations of the EPPA under 29 U.S.C. § 2005(c).

66.

As a direct and proximate result of Defendants' EPPA violations, Plaintiffs have suffered damages, including but not limited to emotional distress, pain, and suffering.

67.

Defendants' actions in violation of the EPPA were intentional, willful, wanton, and oppressive. Additionally and in the alternative, Defendants' actions in violation of the EPPA were undertaken with reckless disregard for the Plaintiffs' federal rights.

Plaintiffs are entitled to punitive damages.

WHEREFORE, Plaintiffs demand a TRIAL BY JURY and the following relief:

a. Judgment against Defendants in an amount equal to Plaintiffs' and all opt-in Plaintiffs' unpaid back wages at the applicable overtime rates for a period of three years;

b. Liquidated damages in an additional amount equal to Plaintiffs' and all opt-in Plaintiffs' unpaid overtime wages, calculated at the applicable hourly pay rate;

17

c.  full back pay from the date of Plaintiffs' terminations, taking into account all raises to which Plaintiffs would have been entitled but for their unlawful terminations, and all fringe and pension benefits of employment, with prejudgment interest thereon;

d.  reinstatement to Plaintiffs' former positions with Defendants, or in the alternative, front pay to compensate Plaintiffs for lost future wages, benefits, and pension;

e.  compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiffs' emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

f.  punitive damages in an amount to be determined by the enlightened conscience of the jury to be sufficient to punish the Defendants for their conduct toward Plaintiffs and deter them from similar conduct in the future;

g.  reasonable attorneys' fees and costs; and

h.  other and further relief as the Court deems just and proper.

18

**PLAINTIFFS DEMAND A TRIAL BY JURY.**

Respectfully submitted this 16th day of July, 2009.

BUCKLEY & KLEIN, LLP

Edward D. Buckley
Georgia Bar No. 092750
edbuckley@buckleyklein.com
Steven E. Wolfe
Georgia Bar No. 142441
sewolfe@buckleyklein.com

Atlantic Center Plaza, Suite 1100
1180 West Peachtree Street, NW
Atlanta, GA  30309
Telephone:  (404) 781-1100
Facsimile:   (404) 781-1101

THE ZITO LAW GROUP, LLC

s/ James V. Zito
Georgia Bar No. 785982
jzito@bellsouth.net

150 East Ponce de Leon Avenue
Suite 200
Decatur, GA  30030
Telephone:  404-574-2441
Facsimile:   404-549-4613